UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
WILLIAMSPORT

MAY 10 2023

PER EA
DEPUTY CLERK

MICHAEL ROGERS-WATTS, PROSE,
PETITIONER,

CASE NO.

V.

BUREAU OF PRISONS, WARDEN
BARAZA, ALLENWOOD F.C.I

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C §§2241

NOW COMES PETITIONER MICHAEL RODGERS-WATTS, PROSE, AND MOTIONS THIS HONORABLE COURT FOR RELIEF UNDER HABEAS CORPUS UNDER 28 U.S.C. §§2241, PETITIONER IS CHALLENGING THE B.O.P DECISION NOT TO AWARD HIM THE PROPER CREDITS OF THE FIRST STEP ACT EARNED TIME CREDITS ("FSA CREDITS").

EARNED TIME CREDITS SHOULD BE APPLIED UNDER THE "STATUTE", WATTS ASKED THAT THE CREDITS EARNED BE IMMEDIATELY APPLIED TO HIS SENTENCE. WATTS HAS EARNED CREDITS, BUT WAS LISTED AS INELIGIBLE TO HAVE TIME APPLIED, WATTS CONVICTION OF 21 U.S.C 846 CONSPIRACY TO DISTRIBUTE AND POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL CHARGE MARKS HIM "ELIGIBLE" TO HAVE TIME APPLIED, WATTS WAS TOLD THAT BECAUSE HE HAS A DETAINER, HE CAN NOT HAVE THE "FSA" APPLIED TO HIS SENTENCE, THE STATUTE DOES NOT STATE THE B.O.P REASONING AS "VALID MERITS" TO NOT APPLY ETC'S TO ELIGIBLE PRISONERS.

### I. JURISDICTION:

JURISDICTION UNDER 28 U.S.C §§2241 EXISTS, IN RELEVANT PART, WHERE A PRISONER "[H]E IS IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR LAWS OR TREATIES OF THE UNITED STATES," 28 U.S.C. §§2241 (c)(3). THE THIRD CIRCUIT HAS HELD THAT HABEAS JURISDICTION EXISTS OVER PRISONER'S CLAIM THAT THE B.O.P FAILED TO APPLY THE "FSA" APPLICATION THAT HE IS ENTITLED TO EARLY RELEASE FROM FEDERAL CUSTODY. HIS EARNED TIME CREDITS IS PROPERLY BROUGHT UNDER §§2241 BECAUSE WATTS PRESENTS A CHALLENGE TO THE DURATION OF HIS CONFINEMENT.

II. THE FIRST STEP ACT TIME CREDITS

ON JANUARY 19, 2022 THE B.O.P ISSUED ITS "FINAL RULE" CODIFYING THE B.O.P'S PROCEDURES FOR EARNING AND APPLICATION OF TC'S UNDER THE FSA. IN A COMMENT TO THE "FINAL RULE", THE B.O.P STATED, CONSISTENT WITH COURT'S HOLDING IN GOODMAN V. ORTIZ, NO. CV 20-7582 (RMB), 2020 U.S. DIST. LEXIS 153874, 2020 WL 5015613, AT *6 (D.N.J AUG. 25, 2020), THAT FSA TIME CREDITS SHOULD BE EARNED FOR PROGRAMS SUCCESSFULLY COMPLETED ON OR AFTER DECEMBER 21, 2018, THE DATE OF THE ENACTMENT OF THE FIRST STEP ACT, INSTEAD OF JANUARY 15, 2020, AS INDICATED IN THE PROPOSED RULE.

[T]HE FSA PROVIDES THAT ELIGIBLE INMATES EARN FSA TIME CREDITS TOWARD PRE-RELEASE CUSTODY OR EARLY TRANSFER TO SUPERVISED RELEASE FOR SUCCESSFULLY COMPLETING APPROVED EVIDENCE-BASED RECIDIVISM REDUCTION (EBRR) PROGRAMS OR PRODUCTIVE ACTIVITIES (PAS) ASSIGNED TO EACH INMATE BASED ON THE INMATES RISK AND NEEDS ASSESSMENT. INMATES ELIGIBLE TO APPLY TIME CREDITS UNDER THE FSA INCLUDE INDIVIDUALS SENTENCE UNDER THE U.S. CODE.

AS REQUIRED BY THE FSA, AN INMATE CAN NOT EARN FSA TIME CREDITS IF THAT INMATE IS SERVING A SENTENCE FOR A DISQUALIFYING OFFENSE OR HAS A DISQUALIFYING PRIOR CONVICTION. HOWEVER, SUCH INMATES MAY STILL EARN OTHER BENEFITS FOR SUCCESSFULLY COMPLETING RECIDIVISM REDUCTION PROGRAMMING, SUCH AS INCREASED PRIVILEGES (COMMISSARY, VISITING, AND TELEPHONE) FOR PARTICIPATION IN EBRR PROGRAMS OR PAS AS AUTHORIZED BY THE BUREAU. SEE STEWART V. SNYDER, NO. 1:22-CV-00294-MHH-JHE, 2022 U.S. DIST. LEXIS 100512, 022 WL 2032305 (N.D. ALA. MAY 10, 2022). THE FSA ENABLES A PRISONER TO ACQUIRE TIME CREDITS, WHICH ARE APPLIED TOWARD HIS PRERELEASE CUSTODY OR SUPERVISED RELEASE. SEE 18 U.S.C. 3632(d)(4)(c).

THE PRISONER EARNS TEN DAYS OF TIME CREDITS FOR EVERY THIRTY DAYS HE SUCCESSFULLY PARTICIPATES IN APPROVED RECIDIVISM REDUCTION PROGRAMMING. SEE 18 U.S.C. 3632(d)(4)(A)(i). A PRISONER DETERMINED TO BE A "MINIMUM OR LOW" RISK FOR RECIDIVISM, "SHALL EARN" AN ADDITIONAL FIVE DAYS OF TIME CREDITS FOR EVERY THIRTY DAYS OF SUCCESSFUL PARTICIPATION IN EBRR PROGRAMMING OR PRODUCTIVE ACTIVITIES. "SEE 18 U.S.C. 3632(d)(4)(A)(ii).

THE IMPLEMENTATION OF THE SPECIFIC PROVISIONS AND AVAILABILITY OF EARNING TIME CREDITS, PROVED TO BE SOMEWHAT OF A CHALLENGE.

ON JANUARY 13, 2022 THE DEPARTMENT OF JUSTICE ANNOUNCED OF THAT B.O.P HAD "FINALIZED" THE FSA TIME CREDIT RULE ("FSA FINAL RULE") AND TRANSMITTED IT TO THE FEDERAL REGISTER FOR PUBLICATION. THE FINAL RULE WAS PUBLISHED ON JANUARY 19, 2022, THE FINAL RULE EXPLAINS B.O.P PROCEDURES REGARDING IMPLEMENTATION OF THE SPECIFIC PROVISIONS, INCLUDING THOSE RELATED TO THE EARNING AND APPLICATION OF FSA TIME CREDITS.

FACTS. THE FACTS OF THIS CASE ARE NOT IN DISPUTE, THEY ARE AS FOLLOWS:

[1]. WATTS PLEADED GUILTY IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO TO 21 U.S.C. 846 §§ 841-851 ATTEMPT, 21 USC 846 CONSPIRACY TO DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE FENTANYL COUNT-1, 1:21-CR-0034A-SO (2)

[2]. WATTS WAS SENTENCE TO THIRTY MONTHS AND THREE YEARS SUPERVISED RELEASE.

[3]. WATTS ENTERED THE CUSTODY OF THE B.O.P AND BEGAN SERVING HIS SENTENCE AT ALLENWOOD F.C.I SEPTEMBER 6, 2022.

[4]. BECAUSE WATTS ENTERED B.O.P CUSTODY WITHIN TWENTY-FOUR MONTHS OF HIS PROJECTED RELEASE DATE, HE WAS ELIGIBLE FOR IMMEDIATE BENEFIT UNDER THE INTERIM.

[5]. WATTS ENTERED THE B.O.P AND WAS SCORED ON THE FSA PATTERN RISK SHEET 1.03 AS A HIGH RECIDIVISM.

[6]. WATTS WAS PLACED ON WAITING LIST FOR TWO FIRST STEP ACT PROGRAMS ON SEPTEMBER 2022, AND LATER WAS PLACED ON THE WAITING LIST FOR 8 MORE FIRST STEP ACT PROGRAMS, WHICH PUTS THE TOTAL AT 10 PROGRAMS, WATTS SHOULD HAVE STARTED RECEIVING FSA TIME CREDITS.

[7]. ON SEPTEMBER 8 2022, THE B.O.P'S CORRECTIONAL PROGRAM BRANCH ISSUED A MEMORANDUM PROVIDING GUIDANCE REGARDING THE LAUNCH OF THE AUTO-CALCULATION APPLICATION; THE MEMORANDUM PROVIDED, IN PART, THE FOLLOWING WITH RESPECT TO THE APPLICATION OF FSA CREDITS TO A PRISONER'S SENTENCE,

[8]. Since Watts started his prison time at Allenwood F.C.I, Watts has completed 3 programs, Gamblers, and Wellness Package, with Gamblers being a FSA program.

The B.O.P has abused its discretion by the manner in which it is not applying Watts F.S.A credits. The troubling aspect of this case involves the manner in which the B.O.P is applying the "eighteen month" policy to Watts's sentence, specifically that the B.O.P has failed to credit Watts sentence for the FSA credits, Watts was told by Mr Easton who is the Case Manager Cordinator that because he is a high recidivism he would have to wait till he is a low to have recidivism applied, which is not how credits supposed to be applied. See Exhibit-1 the FSA credits should be awarded to him and reflected in his sentence. "See Stewart v. Snider, 2022 U.S. Dist. Lexis 100512, 2022 WL 2032305, 7.

Eligible inmates will continue to earn FTC toward early release until they have accumulated 365 days or are 18 months from their release date, whichever happens first, at this point, the release date becomes fixed, and all additional FTC's are applied toward RRC/HC placement.

Exhaustion:

Petitioner claims, however, that he previously attempted to resolve this dispute with the B.O.P through informal procedures once he learned that the B.O.P would not apply ETC's to him and was told that the B.O.P's decision was "Final", and since then, he has not met with success with respect to his efforts to follow the formal administrative review process. Petitioner contends that, therefore, exhausting his administrative remedies at this juncture would be futile. Section 2241 does not contain an exhaustion requirement, and thus, exhaustion is not a jurisdictional prerequisite. Brown v. Rison, 895 F. 2d 533, 535 (9th Cir. 1990). Petitioner have filed over five BP-8's and never received a reply, have been denied access to move to the next level of the 4 step process, his B.O.P case manager Mr Potora told him that "his ETC's would be applied on November, 2022" Mr Potora stated this at Watts team,"

PETITIONER ASKED TO SPEAK WITH HIS UNIT MANAGER. PETITIONER WENT A STEP FURTHER AND SPOKE TO THE CASE MANAGER CORDINATOR (MR EASTON) HE EXPLAINED THAT THE B.O.P'S DECISION IS "FINAL". PETITIONER USE THE SYSTEM TO REQUEST IN WRITING THAT HIS ETC'S BE APPLIED. PETITIONER TRYING TO RECEIVE A RESOLUTION FOR THE ISSUE HE WAS RAISING. MR EASTON STATED IN AN ELECTRONIC "COPOUT" THAT THE B.O.P FOLLOWS B.O.P POLICY NOT STATUTE. SEE EXHIBIT X.

PETITIONER SENT BP-8 ASKING FOR RECONSIDERATION, BUT DID NOT RECEIVE A RESPONSE. PETITIONER WAS TOLD HE CAN NOT MOVE FORWARD TO A BP-9 UNTIL YOU GET A RESPONSE FROM THE BP-8. EVEN THOUGH IT WOULD CAUSE PETITIONER TO SUFFER IRREPARABLE HARM. IN MCCARTHY V. MADIGAN, 503 U.S. 140, 145-46, 112 S. CT. 1081, 177 L. Ed. 2d 291 (1992) THE SUPREME COURT SUCCINCTLY ARTICULATED [*20] THE PURPOSES BEHIND REQUIRING ADMINISTRATIVE EXHAUSTION, INCLUDING AFFORDING AN ADMINISTRATIVE AGENCY THE CHANCE TO CORRECT ITS OWN ERROR OR AFFORDING DEFERENCE TO AN AGENCY'S EXERCISE OF ITS OWN DISCRETIONARY POWER OR PRODUCING A USEFUL RECORD FOR JUDICIAL CONSIDERATION. THESE CONCERNS, HOWEVER, ARE NOT IMPLICATED IN THIS CASE, AND IN ANY EVENT, AS THE SUPREME COURT ALSO MADE CLEAR, COURTS MAY DECLINE TO REQUIRE EXHAUSTION" EVEN WHERE ADMINISTRATIVE AND JUDICIAL INTERESTS WOULD COUNSEL OTHERWISE.

COURT MUST APPLY AN "INTENSELY PRACTICAL" "BALANCING PRINCIPLE" AND DECIDE IF THE LITIGANT'S INTEREST IN IMMEDIATE JUDICIAL REVIEW MIGHT "OUTWEIGH THE GOVERNMENT'S INTEREST IN THE EFFICIENCY OR AUTONOMY THAT THE EXHAUSTION DOCTRINE IS DESIGNED TO FURTHER." Id (CITATIONS OMITTED. WHEN THE AGENCY INVOLVED HAS PREDETERMINED THE ISSUE BEFORE IT, THIS IS A RECOGNIZED CIRCUMSTANCE IN WHICH " THE INTERESTS OF THE INDIVIDUAL WEIGH HEAVILY AGAINST REQUIRING ADMINISTRATIVE EXHAUSTION." Id. AT 146, 148 (CITING HOUGHTON V. SHAFER, 392 U.S. 639, 640, 88 S. CT. 2119, 20 L. Ed. 2d 1319 (1968), FOR THE PROPOSITION THAT "IN VIEW OF THE ATTORNEY GENERAL'S SUBMISSION THAT THE CHALLENGED RULES OF THE PRISON WERE VALIDLY AND CORRECTLY APPLIED TO PETITIONER,"

requiring administrative remedies through BP-8 through BP-11 or consulting with the attorney general would be to demand a futile act"). See also Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)(per curiam)(waiving exhaustion as futile when the initial request for an administrative remedy was denied based on BOP policy and, therefore, the regional director "almost certainly would have denied a further appeal as well due to that policy). Requiring completion of the process before considering the merits of this claim would be futile. Petitioner has not had any success to date with attempting to resolve this issue with the BOP and has been told that the BOP's decision is "final", it seems petitioner virtually certain that his claim will be rejected by the BOP upon further administrative review. The bypass of the administrative process was not deliberate with respect to the court. The voided process here at FCI Allenwood is deliberate, and prevents the process steps from occurring, due to no timely responses, denial of BP-8, BP-9, BP-10, never seeing your unit manager, petitioner believes theses are "tactics" to implement the rules of the BOP, and without given you the opportunity to address issues through administrative channels, in using these "tactics" makes it impossible for a petitioner to exhaust his administrative remedies. When the BOP places a halt in the grievance process, and petitioner proceeds to the courts, the BOP will use the "exhausting excuse" as a way or reason not to have claims heard in honorable courts, petitioner is asking this honorable court to excuse petitioner exhaustion see Tensley v. Outlaw, No. 2:10-cv-00014-BD, 2010 U.S. Dist. LEXIS 66738, 2010 WL 267178 (ED Ark, July 2, 2010)(given time limitations, initiating grievance process would be futile). See also Weth v. Beach, 498 F.3d 795, 797, N.3 (8th Cir. 2007).

As discussed earlier, federal prisoners who participate in and complete "eligible" evidence-based recidivism reduction programs and/or productive activities "shall" earn ETC's pursuant to the calculation formula provided in the statute. 18 U.S.C. §§ 3632(d)(4)(A). Under section 3632(d)(4)(c), these earned ETC's "shall be applied toward time in prerelease custody or supervised release." The statute does not say "may" be applied or are to be applied in the B.O.P's discretion, nor does it contain any language that rationally can be read to modify

THE SIMPLE AND STRAIGHT FORWARD "SHALL BE APPLIED" DIRECTIVE THE ONLY DISCRETIONARY ASPECT OF SECTION 3632(d)(4)(c) IS THAT THE BOP GETS TO PICK WHICH OF THESES TWO OPTIONS FOR EARLY RELEASE" SHALL BE PROVIDED TO THE PRISONER IN THE FULFILLMENT OF THE B.O.P.'S MANDATORY DUTY TO SO TRANSFER A PRISONER UPON MANDATORY APPLICATION OF ETC'S.

THE BOP FAILED TO CALCULATE PETITIONER FSA TIME CREDITS IN NOT FOLLOWING THE STATUTE, BUT TO USE A DISCRETIONARY THAT IS NOT IMPLEMENTED BY THE STATUTE, AND CLEAR LANGUAGE OF CONGRESS.

THE LANGUAGE OF THE FSA SHOWS THAT CONGRESS MADE A CONSCIOUS CHOICE TO DO THREE THINGS. ONE, BY ITS USE OF "SHALL BE APPLIED" AND "SHALL TRANSFER" LANGUAGE IN SECTION 3632(d)(4)(c), CONGRESS MADE THE APPLICATION OF EARNED ETC'S TO EFFECT EARLY RELEASE MANDATORY FOR PRISONERS, "ELIGIBLE" UNDER SECTION 3624(G). TWO BY SECTION 3624(G), CONGRESS SPELLED OUT THE PREREQUISITES FOR A PRISONER TO BE "ELIGIBLE", WHICH HAVE BEEN DESCRIBED EARLIER AND DO NOT CONTEMPLATE ANY ADDITIONAL CRITERIA, AND CONGRESS DID NOT LEAVE ROOM FOR THE BOP TO IMPROVE THIS ADDITIONAL PRECONDITION TO EARLY RELEASE.

WHEN THE INTENT OF CONGRESS IS CLEAR, AS HERE, THERE IS NO NEED TO ENGAGE IN A FURTHER ADMINISTRATIVE AGENCY DEFERENCE ANALYSIS UNDER CHEVRON. SEE CITY OF ARLINGTON, TEXAS 569 U.S. AT 296, O'BRYAN, 2021 WL 3932275 AT *4. CONGRESS DID NOT LEAVE ROOM FOR THE BOP TO IMPOSE ADDITIONAL PRECONDITION TO EARLY RELEASE.

IN A CALIFORNIA DISTRICT COURT CASE, THE BOP DECLARED AN INMATE WITH LOW RECIDIVISM INELIGIBLE TO HAVE HIS EARNED ETC'S APPLIED TO HIS SENTENCE DUE TO TWO PENDING MISSOURI CRIMINAL CASES. THE B.O.P TOLD THE COURT THAT THE AGENCY HAS THE DISCRETION TO DECLARE THE INMATE INELIGIBLE FOR EVERY EARLY RELEASE" BECAUSE THE BOP IS ENTITLED TO INTERPRET THE FSA TO ALLOW IT TO DENY APPLICATION OF EARNED ETC'S TO THOSE FEDERAL INMATES WHO HAVE PENDING CRIMINAL CASES OR A DETAINER, THE MAGISTRATE JUDGE RECOMMENDED DECISION REJECTED THE B.O.P'S POSITION,

holding that it is fundamental that a statutes "words generally should be interpreted as taking their ordinary, contemporary, common meaning at the time congress enacted the statute. Agencies exercise discretion only in the interstices created by statutory silence or ambiguity; they must always give effect to the unambiguously expressed intent of congress.

"Here", the magistrate judge ruled, "there are no such interstices, because the relevant portions of the FSA are not ambiguous or incomplete and congress intent is clearly expressed through mandatory statutory language. See Jones v. Engleman No. 2:22-CV-05292, 2022 U.S. Dist. LEXIS 185039 (2022) also see Moody v. Gubbiotti No. 21-12004, 2022 U.S. Dist LEXIS 181399 (D.N.J, Oct 3, 2022).

As discussed earlier, federal prisoners who participate in and complete "eligible" evidence-based recidivism reduction programs and/or productive activities "shall" earn ETCs pursuant to the calculation formula provided in the statute, 18 USC §§ 3632(d)(4)(A). Under section 3632(d)(4)(C), these earned ETCs "shall be applied toward time in prerelease custody or supervised release."

CONCLUSTION;

PETITIONER BEGS THIS HONORABLE COURT TO ORDER AND RULE IN PETITIONER FAVOR TO DIRECT/ORDER THE B.O.P AND ALLENWOOD FCI TO APPLY HIS FIRST STEP ACT CREDITS TO HIS SENTENCE AND TRANSFER PETITIONER TO SUPERVISION OR/ RRC.

5-3-23
DATE

Michael Rodgers-Watts
SIGNATURE OF PETITIONER

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL-ROGERS-WATTS, PRO SE,
  PETITIONER

V.                                              CASE NO.

BUREAU OF PRISONS, WARDEN
BARAZA, ALLENWOOD FCI
  RESPONDENT

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT ON THE 6TH DAY OF MARCH, 2023, A TRUE CORRECT COPY OF PETITIONER'S PETITION OF WRIT OF HABEAS CORPUS SS 2241, EXHIBITS, AND A CERTIFICATE OF SERVICE WAS SERVED UPON THE FOLLOWING, BY MAILING, SAME, BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID, ADDRESSED AS FOLLOWS: BUREAU OF PRISONS - NATIONAL DIRECTOR MRS COLETTE S. PETERS, 320 1ST ST NW ROOM 554, WASHINGTON, D.C. 20534, WARDEN BARAZA, ALLENWOOD F.C.I, P.O. BOX 2500, WHITEDEER, PA, 17887, UNITED STATES ATTORNEY GENERAL.

THIS STATEMENT IS MADE PURSUANT TO THE PENALTIES OF U.S.C. SS 1621, RELATING TO PERJURY.

RESPECTFULLY SUBMITTED,

_____
MICHAEL-ROGERS-WATTS
REG #
ALLENWOOD F.C.I MEDIUM
P.O. BOX 2000
WHITEDEER, PA 17887

Alicia Roberts MHS #68804-509
FCC Allenwood medium
P.O. Box 2000
White Deer, PA 17887

Legal mail

RECEIVED
WILLIAMSPORT

MAY 10 2023

PER   EA
        DEPUTY CLERK

68804-509
U S Courthouse
Williamsport Clerk
240 W 3RD ST
Williamsport, PA 17701-6460
United States

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500
DATE
THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.